IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                 Case No. 19-10060-JWB

JAMIE VILLEGAS-CHAVES,

      Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's motion to continue the jury trial. (Doc. 10.) Defendant's motion is DENIED for the reasons herein.

**I.    Background**

On April 3, the grand jury returned an indictment charging Defendant with a violation of 8 U.S.C. § 1326(a) and (b)(1). (Doc. 1.) On April 18, a case management order was entered, setting the jury trial for June 18, 2019. (Doc. 9.) Defendant has now moved to continue the deadline for pretrial motions and the jury trial. (Doc. 10.) The government does not object to the motion.

Defendant's motion states that Defendant and his attorney need "additional time to prepare for trial and/or to reach a settlement of the case." (*Id.*) Defendant seeks to exclude the delay under 18 U.S.C. § 3161(h)(7),[1] asserting that the ends of justice outweighs the interest of the public and Defendant in having a speedy trial. (Doc. 10 at 1-2.)

---

[1] Defendant mistakenly cites to section 3161(h)(8) in his brief. However, it is clear that Defendant is asking for an ends of justice continuance under section 3161(h)(7) and not a continuance under section 3161(h)(8), which is based on the need to obtain foreign evidence.

1

## II.     Analysis

The Speedy Trial Act protects Defendant's constitutional right to a speedy trial and serves the public interest in prompt proceedings. *United States v. Saltzman*, 984 F.2d 1087, 1090 (10th Cir. 1993). The Act requires "that an accused person's trial must begin within seventy days of his indictment or initial appearance, whichever is later." *United States v. Cano–Silva*, 402 F.3d 1031, 1034 (10th Cir. 2006) (citing 18 U.S.C. § 3161(c)(1)). Certain periods of delay are not included in computing the time limits. The section at issue here, 18 U.S.C. § 3161(h)(7)(A), excludes:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

In order to grant an ends of justice continuance, the court must specifically identify the reasons for granting the continuance. *See United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir.2009). A record consisting of only short, conclusory statements lacking in detail is insufficient. *Id.* at 1271. A conclusory statement that counsel needs more time to prepare is not enough. *Id.* at 1271–72. *See also United States v. Hernandez–Mejia*, 406 F. App'x 330, 336–37 (10th Cir. 2011).

Defendant's motion fails to provide the court with any information regarding the need for a continuance. Defendant merely states that he needs additional time to prepare. That is a conclusory statement and is not sufficient under *Toombs*. 574 F.3d at 1271-72.

IT IS THEREFORE ORDERED this 29th day of May, 2019, that Defendant's motion to continue (Doc. 10) is DENIED, without prejudice.

     s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE