IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                          Case No. 19-10060-JWB

JAIME VILLEGAS-CHAVEZ,

                Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's motion to reduce sentence under 18 U.S.C. §3582. (Doc. 33.) The government has filed a response. (Doc. 35.) No reply has been filed and the time for doing so has expired, making the motion ripe for decision. For the reasons stated below, the motion to reduce sentence is DENIED.

**I.    Facts and Procedural History**

On June 17, 2019, Defendant pled guilty to one count of being an alien unlawfully found in the United States after having been previously removed or deported, in violation of 8 U.S.C. § 1326(a) and (b)(1). The authorized statutory punishment for the offense included imprisonment for a term of up to ten years. 8 U.S.C. § 1326(b)(1).[1]

Defendant's offense level under the sentencing guidelines included enhancements for having a felony conviction for unlawful reentry prior to his first order of deportation in 2007 (U.S.S.G. § 2L1.2(b)(1)(A)); for having a non-reentry felony prior to his first order of deportation

---

[1] Section 1326(a) authorizes a maximum imprisonment sentence of two years, while subsection (b)(1) authorizes imprisonment up to 10 years for persons who commit a violation of subsection (a) and whose removal was subsequent to conviction for certain offenses, including a non-aggravated felony. 8 U.S.C. § 1326(b)(1).

(U.S.S.G. § 2L1.2(b)(2)(B); and for having a non-reentry felony offense after his first order of deportation (U.S.S.G. § 2L1.2(b)(3)(D). His total offense level after a reduction for acceptance of responsibility was 21, and his Criminal History Category was found to be V, resulting in an advisory guideline range of 70 to 87 months imprisonment. At sentencing, the court granted a variance and imposed a custodial sentence of 60 months, finding such a term was sufficient to satisfy the sentencing factors in 18 U.S.C. § 3553(a). (Docs. 31, 32.)

Judgment was entered on September 17, 2019. Defendant is now 48 years old. *See* Doc. 27 at 2. Defendant's projected release date is July 17, 2023. (Doc. 33-2 at 6.) Defendant is currently incarcerated at FCI Victorville (CA) Medium I, which according to BOP's website reports 6 confirmed COVID-19 cases among inmates and 11 cases among staff; 2 inmate deaths and 1 staff death from COVID-19; and 657 inmate recoveries from COVID-19 (out of a total inmate population of just over 1,073) and 59 staff recoveries. FED. BUREAU OF PRISONS, COVID-19 CORONAVIRUS: COVID-19 CASES, https://www.bop.gov/coronavirus (last visited Feb. 11, 2021).

Defendant's motion for compassionate release, which was filed on November 23, 2020, states that Defendant tested positive for COVID-19 on July 21, 2020 and was placed in isolation. (Doc. 33 at 8.) Although Defendant acknowledges that he is now asymptomatic, he contends the prison will not be able to protect him from a second infection, and he argues he will "likely suffer long term damage" if he contracts the disease again. (*Id.* at 9.) Defendant further argues that being placed in isolation is cruel and that the BOP is not equipped to stop the spread of the virus. (*Id.* at 10-11.) He asserts that refusing to grant a sentence reduction is "nothing less than a death sentence" and argues the court should reduce his sentence to time-served (or, "at the very least … by 55%") and allow him to be immediately deported. (*Id.* at 12.)

The government contends Defendant has not shown the requirements for compassionate release. It argues Defendant has failed to show that his medical conditions (as shown in documents attached to Defendant's motion) demonstrate a situation so severe as to warrant early release. (Doc. 35 at 15.) Additionally, the government argues that the factors in § 3553(a) weigh against a reduction. (*Id.* at 16.)

## II.   Legal Standard

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), was amended by The First Step Act. Under the amendment, a defendant may now file his own motion for release if "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf." *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 (D. Kan. Apr. 10, 2020) (citation omitted); *see also* 18 U.S.C. § 3582(c)(1)(A). This requirement is jurisdictional. *Id*.

Next, the court may reduce a defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court determines that (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) ... and a determination has been made ... that the defendant is not a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A)(i-ii). The court must also ensure that any sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. There are four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness or is suffering

from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; (3) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner; and (4) other extraordinary and compelling reasons. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1.

Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537, *2 (D. Kan. Aug. 24, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)) (holding defendant bears the burden to show reduction is warranted under Section 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020).

**III.  Analysis**

**A.  Exhaustion**

The government concedes Defendant has satisfied the exhaustion requirement. (Doc. 35 at 7.) Defendant's administrative request for relief was denied by the warden of the facility on November 2, 2020. (Doc. 35-1 at 1.[2])

**B.  Extraordinary and Compelling Circumstances**

The court finds Defendant has failed to establish extraordinary and compelling circumstances that warrant consideration of a reduced sentence. Defendant's records show that on

---

[2] Defendant's administrative request for relief was not based on a threat to his own health, but upon a need to provide care for his ailing father. (Doc. 33-2.) The record indicates that, unfortunately, Defendant's father passed away while the administrative request was pending. (*Id.* at 2.)

4

November 11, 2019, he underwent heart procedures including catheterization and an angiogram. (Doc. 33-2 at 9.) The results were described as "normal" and the doctor recommended "conservative medical treatment." (*Id.*) The records also show that on July 25, 2020, while Defendant was positive with COVID-19, a chest x-ray showed "no acute cardiopulmonary disease" and that Defendant's lungs were clear. (*Id.* at 10.) The records show that when Defendant had COVID-19 symptoms such as fever, he was given ibuprofen and acetaminophen. (*Id.* at 11.) Defendant's records also indicate that he has several current conditions, including heart issues, that could present complications if he were to contract COVID-19 again, but no showing is made that these conditions present a severe threat to Defendant's health. (*Id.* at 27-28.)

### C. Sentencing Factors

Prior to granting a motion for compassionate release, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and also find that Defendant is not a danger to the safety of any other person or the community. *United States v. Reece*, No. 16-20088-JAR, 2020 WL 3960436, at *2, 7 (D. Kan. July 13, 2020). Some of the sentencing factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

Even if Defendant had shown a condition sufficient to warrant consideration as an extraordinary and compelling circumstance, the sentencing factors in § 3553 show that a reduction in his sentence is not warranted. In 2004, Defendant was convicted in U.S. District Court for the District of Kansas of distribution of 50 grams or more of methamphetamine and was sentenced to 51 months imprisonment. (Doc. 27 at 8.) He was deported to Mexico in 2007. (*Id.*) In 2012, he was convicted in the Western District of Texas of unlawful entry after deportation and was

sentenced to 42 months imprisonment. He was deported again in 2018. (*Id.* at 9.) About five months after that deportation, Defendant was convicted in Dodge City, Kansas, of aggravated assault with a deadly weapon, namely a firearm, and was sentenced to 12 months custody. (*Id.* at 9-10.) The instant conviction followed.

Defendant has currently served less than fifty percent of the sentence imposed in this case, which was itself a downward variance from the applicable guideline range. He is not a citizen of the United States yet has repeatedly reentered the country unlawfully. He has a criminal history that includes violence and firearms and the distribution of unlawful drugs. The need for the sentence to reflect the seriousness of his offense and to provide just punishment, to protect the public from further crimes of Defendant, and to promote respect for the law, all weigh strongly against the requested reduction in sentence. After considering all of the circumstances, the court concludes a reduction in sentence is not warranted and should be denied.

**IV.   Conclusion**

Defendant's motion for sentence reduction under § 3582 (Doc. 33) is DENIED. IT IS SO ORDERED this 12th day of February, 2021.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE