IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                 Case No. 19-10060-01-JWB

JAIME VILLEGAS-CHAVEZ,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's "Reply to Government's Response," which was docketed as a "motion for cause why immediate deportation should not be granted." (Doc. 37.) The motion is fully briefed. (Docs. 38, 39.) The motion effectively asks the court to reconsider its prior Memorandum and Order (Doc. 36) denying Defendant's motion for sentence reduction or, in the alternative, to order Defendant's deportation. For the reasons stated herein, the motion is DENIED.

**I. Background**

Defendant previously filed a motion for sentence reduction under 18 U.S.C. § 3582, which the court denied after finding Defendant had not shown the extraordinary and compelling circumstances required for such a reduction. (Doc. 36 at 4.) The court further found that consideration of the sentencing factors in 18 U.S.C. § 3553 weighed against any reduction:

> Defendant has currently served less than fifty percent of the sentence imposed in this case, which was itself a downward variance from the applicable guideline range. He is not a citizen of the United States yet has repeatedly reentered the country unlawfully. He has a criminal history that includes violence and firearms and the distribution of unlawful drugs. The need for the sentence to reflect the seriousness of his offense and to provide just punishment, to protect the public

> from further crimes of Defendant, and to promote respect for the law, all weigh strongly against the requested reduction in sentence.

(*Id.* at 6.)

Defendant's current motion asserts that he will return to Mexico if released and asks the court " to grant his immediate deportation out of the county and or to show how he will be a threat to the public here in the United States, if he is living in Mexico." (Doc. 37 at 2.) The court will consider the request as both a motion to reconsider and a motion to order deportation.

## II. Legal Standard

Although the Federal Rules of Criminal Procedure do not authorize motions for reconsideration, the Supreme Court and the Tenth Circuit have recognized that such motions are proper. *United States v. Randall,* 666 F.3d 1238, 1241-42 (10th Cir. 2011). Motions to reconsider provide a district court an opportunity to correct its own errors. *Id.* at 1242 (citation omitted.) They are subject to the same standards governing civil motions, meaning the grounds for reconsideration are limited to: 1) an intervening change in the controlling law; 2) new evidence previously unavailable; and 3) the need to correct clear error or prevent manifest injustice. *United States v. Christy,* 739 F.3d 534, 539 (10th Cir. 2014). Such motions "should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id.*

With regard to deportation, a district court generally lacks the authority to issue a deportation order. *See United States v. Tinoso,* 327 F.3d 864, 866 (9th Cir. 2003) ("the authority to order the deportation or removal of an alien rests exclusively with the Attorney General."); 8 U.S.C. § 1228(c)(1) (district court may grant order of deportation if it is requested by the United States Attorney and the Commissioner.)

## III. Analysis

Defendant denies that his release could possibly pose a threat to the public in the United States because he would go to Mexico if released.  But as the court previously noted, his history shows he has repeatedly reentered the United States unlawfully after being deported to Mexico, and he has committed crimes in the United States that include violence and the distribution of dangerous drugs.  Defendant has shown no clear error or other grounds for reconsideration of the prior order.

As for the request for immediate deportation, the court is without authority to make any such order.  Neither the United States Attorney nor the Commissioner has requested such an order.

## IV.  Conclusion

Defendant's "motion for cause why immediate deportation should not be granted" (Doc. 37) is DENIED.  IT IS SO ORDERED this 22nd day of March, 2021.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT COURT