IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No. 19-10060-01-JWB

JAIME VILLEGAS-CHAVEZ,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's "Motion to Dismiss the Indictment or Order the Immediate Release of the Defendant." (Doc. 44.) For the reasons stated herein, the motion is TAKEN UNDER ADVISEMENT to give Defendant an opportunity to elect whether to withdraw the motion or to have it treated as a motion to vacate sentence under 28 U.S.C. § 2255.

**I. Background**

On June 17, 2019, Defendant pleaded guilty to one count of being an alien unlawfully found in the United States after having been previously removed or deported, in violation of 8 U.S.C. § 1326(a) and (b)(1). At sentencing, the court granted a downward variance from the advisory guideline range of 70-87 months and sentenced Defendant to a custodial sentence of 60 months. Judgment was entered September 17, 2019. (Doc. 31.) No direct appeal was filed.

On November 23, 2020, Defendant filed a motion for compassionate release (Doc. 33), which the court denied on February 12, 2021. (Doc. 36.) On March 1, 2021, Defendant filed a motion to show "cause why an immediate deportation should not be granted" (Doc. 37), which the court construed as a motion for reconsideration and denied on March 22, 2021. (Doc. 40.)

Defendant subsequently filed a motion to reconsider that ruling.  (Doc. 41.)  The court denied the latter motion on June 25, 2021.  (Doc. 43.)

On June 27, 2022, Defendant filed the motion now before court, which is entitled "Nunc Pro Tunc Motion to Dismiss the Indictment or Order the Immediate Release of the Defendant." (Doc. 44.)  The motion argues that Defendant's conviction under § 1326 violated Defendant's right to equal protection of the laws because § 1326 was motivated by Congress's invidious racial discrimination.  (Doc. 44 at 1.) The motion asks the court to re-open and dismiss the indictment or, in the alternative, to order Defendant's immediate release.  (*Id.* at 3.)

**II. Standards**

Section 2255 of Title 28 of the United States Code allows a prisoner in custody under a federal sentence to file a motion to vacate, set aside, or correct a sentence imposed in violation of the Constitution or laws of the United States.  After a defendant's criminal conviction has become final, a defendant's exclusive remedy for challenging his sentence is under § 2255, unless that remedy is shown to be inadequate or ineffective. *See United States v. McIntyre*, 313 F. App'x 160, 162 (10th Cir. 2009).  Because Defendant's motion requests relief that is exclusively available, if at all, on a motion under § 2255, this court would either have to construe the motion as one asserted under § 2255 or deny it for lack of jurisdiction.

Due to certain limitations on the filing of § 2255 motions, however, the Supreme Court has held that if a pro se federal prisoner has not previously filed a § 2255 petition – and Defendant has not previously filed one – the court should not recharacterize a filing as a § 2255 petition unless the court "informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive'

restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Castro v. United States*, 540 U.S. 375, 377 (2003).

### III. Analysis

Based on the relief requested in Defendant's motion, the court intends to treat the motion as one under § 2255. If the court does so, Defendant is cautioned that he may not file a second or successive motion pursuant to § 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h). A second or successive motion under § 2255 may be filed in the district court only after the court of appeals certifies that the motion is based on "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Defendant is hereby granted until September 21, 2022, to file a memorandum stating whether (1) he agrees to have the "Motion to Dismiss the Indictment or Order the Immediate Release of the Defendant" treated as a motion under 28 U.S.C. § 2255 or (2) he chooses to withdraw the motion. If Defendant elects to treat his motion as one under § 2255, the court cautions him that any claims not contained in the motion may be subject to the restrictions on second or subsequent § 2255 motions. Accordingly, if Defendant desires to raise any additional claims, so as to avoid the restrictions on second or subsequent motions, Defendant must allege the basis for any such claims in his memorandum. If Defendant fails to file a responsive memorandum by September 21, 2022, the court will consider his motion as having been withdrawn and will dismiss it for lack of jurisdiction.

A motion under § 2255 is also subject to a one-year statute of limitation, which ordinarily begins to run from the date the defendant's conviction becomes final. 28 U.S.C. § 2255(f). The one-year period may begin to run from a later date if a defendant was prevented by unlawful government action from asserting a motion, if the motion is based on a right newly recognized by the Supreme Court and made retroactive on collateral review, or if the motion is based on newly discovered facts that could not have been discovered earlier with due diligence. *Id.* The court notes that Defendant's motion was filed well beyond the one-year period after his conviction became final. Accordingly, if Defendant elects to have his motion treated as one under § 2255, his memorandum shall also include an explanation of why his claim or claims are timely under § 2255(f).

## IV. Conclusion

Defendant's "Motion to Dismiss the Indictment or Order the Immediate Release of the Defendant" (Doc. 44) is TAKEN UNDER ADVISEMENT. Defendant is granted until September 21, 2022, to file a memorandum in accordance with this order. IT IS SO ORDERED this 30th day of August, 2022.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE